UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IVAN LEWIS | CIVIL ACTION |
| VERSUS | NO: 16-16590 |
| VALERO REFINING-NEW ORLEANS, ET AL. | SECTION: "J" (2) |

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 6)** filed by Ivan Lewis ("Plaintiff"), and an opposition thereto (Rec. Doc. 12) filed by Valero Refining-New Orleans, LLC ("Valero-NO"). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation derives from allegations that on October 31, 2015, Valero-NO either intentionally or negligently released chemicals from its refinery located in St. Charles Parish, Louisiana. (Rec. Doc. 1-1 at 4.) Plaintiff alleges that he was exposed to said chemicals. *Id*. Plaintiff further alleges that he became ill immediately upon inhaling the vapors and "has suffered physical injuries, pain and suffering, lost wages, and emotional distress from the moment" of exposure. *Id*. at 4-5.

1

Plaintiff filed suit in the District Court for the Parish of St. Charles in Louisiana state court, alleging state law negligence claims. *See Id.* at 2. The petition names the following defendants: Valero-NO; St. Charles Refinery; John Doe, Manager; and XYZ Insurance Company. *Id.* at 2-3. Valero-NO removed the matter to this Court, alleging diversity subject matter jurisdiction. (Rec. Doc. 1.) In response, Plaintiff filed the instant *Motion to Remand* **(Rec. Doc. 6)**.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). The district courts have original jurisdiction over cases involving citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest or costs. 28 U.S.C. § 1332(a)(1). The Court only has jurisdiction under 28 U.S.C. § 1332(a)(1) when "complete diversity" exists. *See Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* The removing party bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). Ambiguities are construed against removal and in favor of remand

because removal statutes are to be strictly construed. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

The jurisdictional facts supporting removal are examined as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). When a case is removed based on diversity, the case must have been removable at the time it was filed in state court, meaning that post-filing changes in a party's citizenship will not convert a nonremovable case into a removable one. *Gibson v. Bruce*, 108 U.S. 561, 563 (1883). However, even when a case is initially nonremovable, it may later become removable through the dismissal of all nondiverse parties. *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 934 F. Supp. 209, 212 (E.D. La. 1996).

## DISCUSSION

Plaintiff makes two arguments in favor of remand. First, Plaintiff argues that Valero-NO has failed to demonstrate complete diversity between the parties because it has not proven that John Doe, Manager is not a citizen of Louisiana. Second, Plaintiff argues that Valero-NO has failed to demonstrate that the amount in controversy exceeds $75,000. Each will be discussed in turn.

**Complete Diversity**

Plaintiff is a citizen of Louisiana.[1] To achieve complete diversity, all defendants in the matter must not be citizens of Louisiana. *See Harrison*, 404 F.2d at 272. Thus, the citizenship of all four defendants named by Plaintiff must be analyzed.

The first named defendant is Valero-NO. Valero-NO asserts, and Plaintiff does not dispute, that Valero-NO is a limited liability company ("LLC"). The citizenship of an LLC is determined by the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Here, Valero-NO is entirely owned by a sole member, which is a corporation named Valero Terminaling and Distribution Company ("VTDC"). A corporation is deemed to be a citizen of any state where it was incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Valero-NO asserts, and Plaintiff does not dispute, that VTDC is a Delaware corporation with its principal place of business in Texas. Therefore, Valero-NO is a citizen of Delaware and Texas.

The other three named defendants are St. Charles Refinery, John Doe, Manager, and XYZ Insurance Company. All three are fictitious names. The petition acknowledges that John Doe, Manager

---

[1] Neither Plaintiff's petition nor his motion to remand explicitly state that he is a citizen of Louisiana. However, the petition states that Plaintiff is a resident of the state (*see* Rec. Doc. 1-1 at 2), and the motion to remand argues as if Plaintiff is a Louisiana citizen. (*See* Rec. Doc. 6-1 at 2.)

4

and XYZ Insurance Company are fictitious names to be used until Plaintiff can ascertain their identities. St. Charles Refinery is a fictitious name because no such entity exists. Plaintiff avers that although there is a refinery which is sometimes referred to as the Valero St. Charles Refinery, it is not a business entity capable of being sued. Rather, Valero-NO asserts that the Valero St. Charles Refinery is owned and operated by Valero-NO. (*See* Rec. Doc. 1-3 at 1.) Therefore St. Charles Refinery amounts to a fictitious name.

When determining whether diversity jurisdiction exists, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Because St. Charles Refinery, John Doe, Manger, and XYZ Insurance Company are all fictitious names, the citizenship of all three is disregarded. Plaintiff argues that the petition sufficiently identifies John Doe, Manager such that the burden falls on Valero-NO to demonstrate that John Doe, Manager is not a citizen of Louisiana. The petition states that John Doe, Manager was the "manager, assistant manager and/or shift superintendent of the Valero manufacturing facility" at all times pertinent to the litigation. However, the statutory directive to disregard the citizenship of defendants under fictitious names is unambiguous. *See Breaux v. Goodyear Tire & Rubber Co.*, No. 15-0837, 2015 WL 4635566, at *2 (E.D. La. Aug. 3, 2015) (noting that the statute's language "is clear and explicit"

5

and holding that it "does not allow for the 'definite clue' jurisprudential exception argued here by Plaintiffs"); *Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2013 WL 4766797, at *2 (M.D. La. Sept. 4, 2013) (same result and collecting cases). Accordingly, the Court disregards the citizenship of John Doe, Manager for purposes of diversity.

For these reasons, Valero-NO is the only defendant whose citizenship is relevant. Valero-NO is not a citizen of Louisiana. Thus, complete diversity exists between the parties.

**Amount in Controversy**

For cases removed pursuant to the Court's diversity jurisdiction, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). "Because Louisiana law prohibits plaintiffs from specifying the numerical value of their damages, the removing party must prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence." *Creppel v. Fred's Stores of Tennessee, Inc.*, No. 13-734, 2013 WL 3490927, at *2 (E.D. La. July 10, 2013). The removing defendant can demonstrate the amount in controversy by either "showing that the amount is 'facially apparent' from the plaintiff's pleading alone, or by submitting summary-judgment-type evidence." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

It is facially apparent that the amount in controversy here exceeds $75,000. Plaintiff alleges to have inhaled toxic vapors

6

that caused him to "immediately [become] ill and [] seek treatment." (Rec. Doc. 1-1 at 4.) Further, Plaintiff alleges to have experienced physical injury, pain and suffering, lost wages, and emotional distress from the moment of the alleged exposure. *Id.* Plaintiff alleges that he is entitled to recover for "past and future mental anguish associated with fear of disease; past and future medical expenses, including medical monitoring; loss of and impairment of life's pleasure; loss of enjoyment of life; and lost wages and/or diminution and/or loss of earning capacity." *Id*. at 9. These allegations, in aggregate, would likely exceed $75,000.

Additionally, the petition does not declare that the amount in controversy does not exceed $75,000. Although a plaintiff in Louisiana state court is precluded from alleging a monetary amount of damages in the petition, a petition claiming less than the requisite amount in controversy for federal subject matter jurisdiction must make that allegation in the petition. *See* La. Code Civ. P. Art. 893(A)(1); *Raggio, Cappel, Chozen & Berniard v. Hartford Steam Boiler Inspection & Ins. Co.*, No. 06-1981, 2006 WL 4059093, at *1 (W.D. La. Dec. 29, 2006). Petitions that do not explicitly declare that the federal amount in controversy requirements are not met create a "strong presumption in favor of federal jurisdiction." *Wornner v. Christian Home Health Care, Inc.*, No. 13-6416, 2014 WL 130331, at *3 (E.D. La. Jan. 14, 2014)

7

(internal citations omitted). Here, Plaintiff's petition, which does not include such a declaration, creates a strong presumption in favor of federal jurisdiction.

The Court is further persuaded by an email exchange between counsel for Plaintiff and counsel for Valero-NO. On November 7, 2016, counsel for Valero-NO sent an email to Plaintiff's counsel offering to forego removal if Plaintiff would sign an affidavit and binding stipulation. (Rec. Doc. 1-3 at 1.) The proposed affidavit and binding stipulation included two provisions. *Id*. at 3. The first provision stated: "I agree, aver, stipulate and affirm that the total damages, exclusive of interest and costs, that I am petitioning/praying to recover in the matter are less than the sum of seventy-five thousand and 0/100 dollars ($75,000)." *Id*. The second stipulation stated: "I affirmatively and knowingly stipulate and waive entitlement to any damages, including penalties and statutory attorney's fees, but exclusive of interest and costs, in excess of seventy-four thousand, nine hundred ninety-nine and 99/100 dollars ($74,999.99)." *Id*. Plaintiff did not sign the proposed affidavit and binding stipulation. Instead, Plaintiff's counsel submitted a different proposed affidavit and binding stipulation which did not include the two aforementioned provisions. (Rec, Doc. 6-4.) Rather, it stated: "I agree, aver, stipulate and affirm that the total value of the general and special damages that I am asserting in this matter are less than

the sum of seventy-five thousand and 0/100 dollars ($75,000.00)." (Rec. Doc. 6-4 at 1.)  Plaintiff's failure to renounce his entitlement to damages in excess of $75,000.00 supports the conclusion that the jurisdictional amount in controversy requirement is met in this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 10th day of March, 2017.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE